UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-20472-CIV-COOKE/BANDSTRA

IVONNE E. GALDAMES, *et al.*,

 *Plaintiffs*,

v.

N & D INVESTMENT CORP., *et al.*,

 *Defendants*,

_____/

## ORDER DENYING DEFENDANTS' MOTION TO STAY

This matter is before me on Defendants' Motion to Stay [DE 74]. For the reasons stated below, the Motion to Stay is denied.

**BACKGROUND**

Ivonne Galdames ("I. Galdames"), Jacqueline Galdames ("J. Galdames"), and Guillermo Osorio ("Osorio" and collectively "Plaintiffs"), commenced this action against N & D Investment Corp. ("N&D"), a Florida corporation doing business as Mr. Clean Commercial Laundry, and Ofer Manor, an owner of N&D ("Manor" and collectively "Defendants"). Plaintiffs seek to collect, pursuant to the Fair Labor Standards Act ("FLSA") of 1938 as amended, *inter alia*, back pay for unpaid overtime compensation and associated liquidated damages. 29 U.S.C. § 201 *et seq*. On September 24, 2008, this Court found that N&D was an enterprise for purposes of applying the FLSA, *see* DE 62, and subsequently denied Defendants' Motion for Reconsideration of that order. *See* DE 73. Defendants' now seek to stay this case in its entirety, pending a ruling or rulings from the Court of Appeals for the Eleventh Circuit in

other FLSA cases.  Plaintiffs oppose such a stay.

### STANDARD OF REVIEW

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  This motion is effectively a motion to stay judgment pending appeal.  However, the judgment pending appeal is not in this case, but in other FLSA cases.  In any event, "[s]uch motions are disfavored and granted only in exceptional circumstances." *F.T.C. v. Jordan Ashley, Inc.,* No. 93-2257-CIV-NESBITT, 1994 WL 485793, *1 (S.D. Fla.. July 29, 1994) (citation omitted).  "In order to obtain a stay, the movant must demonstrate that: (1) the movant is likely to prevail on the merits of the appeal; (2) the movant will suffer irreparable injury absent a stay; (3) the non-movant will suffer no substantial injury from issuance of the stay; and (4) issuance of the stay will serve the public interest." *Id*. (citation and footnote omitted); *see also Dunn v. Air Line Pilots Ass'n,* 836 F. Supp. 1574, 1584 (S.D. Fla. 1993) ("A stay of proceedings is generally in the court's discretion. It is based on a balancing test in which the movant bears the burden of showing either 'a clear case of hardship or inequity' if the case proceeds, or little possibility the stay will harm others.") (citing *Landis*, 299 U.S. at 254-55).

### DISCUSSION

Although this case is ready for trial on the remaining issue of damages, Defendants are asking this Court to play a game of wait-and-see, in the hopes that a different FLSA case, one which may or may not be factually similar, will be ruled by upon favorably to Defendants by the Eleventh Circuit .  I will not engage in such a game.  Defendants have not made a showing that

they are likely to prevail on the merits.  The cases currently on appeal are inapposite, as they contain significant factual differences from the present case, and some have actually already been distinguished by this Court.  Moreover, although the Court can conceive of an irreparable injury Defendants may suffer, Defendants have not argued that they will suffer such an injury.  Nor have Defendants shown that a stay will not substantially harm Plaintiffs.

Two finals points must be briefly addressed.  First, Defendants cite *Vallecillo v. Wall to Wall Residence Repairs, Inc.*, No. 08-22271-CIV, 2009 WL 230080, *1 (S.D. Fla. Jan. 30, 2009), to support their claim that enterprise coverage does not exist for them.  I am unsure how Defendants came to this conclusion.  *Vallecillo* cannot be applied to the present case, as it relies, with no new analysis, on the ultimate consumer doctrine which I have previously found inapplicable to cases subject to the FLSA as amended in 1974, and on cases that I have already rejected or found inapplicable.  *Compare Vallecillo,* 2009 WL 230080, at *5-*6 (citing  *Scott v. K.W. Max Invs., Inc.*, 256 Fed. Appx. 244 (11th Cir. 2007),  *Lamonica v. Safe Hurricane Shutters, Inc.*, 578 F. Supp.2d 1363 (S.D. Fla. 2008), *Thorne v. All Restoration Servs.*, 448 F.3d 1264 (11th Cir. 2006), *Bien-Aime v. Nanak's Landscaping, Inc.*, 572 F. Supp.2d 1312 (S.D. Fla.2008), *Polycarpe v. E & S Landscaping Serv., Inc.*, 572 F. Supp. 2d 1318 (S.D. Fla.2008)) *with* Order on Cross-Motions for Summary Judgment [DE 62] (explicitly rejecting application of *Scott* and *Lamonica*, and finding *Thorne* inapplicable) *and Ramos v. Goodfellas Brooklyn's Finest Pizzeria, LLC,* No. No. 08-61240-CIV,  2009 WL 259669, *2 (S.D. Fla. Feb. 4, 2009) (quoting with approval *Exime v. E.W. Ventures, Inc.*, No. 08-60099-CIV, 2008 WL 5381294, *5 (S.D. Fla. Dec.23, 2008), which rejected application of *Bien-Aime* and *Polycarpe*).

Second, Defendants' argument that the case should be stayed pending a ruling by the

Eleventh Circuit on the issue of recovery under the FLSA by illegal immigrants is without merit. Just as above, Defendants have failed to demonstrate that they are likely to prevail on the merits. Moreover, the Court previously addressed and rejected the argument that an illegal alien could not recover under the circumstances presented in this case. *See* DE 62. Defendants did not move for reconsideration of that portion of the order, *see* DE 64, 73, and have provided no substantive basis for granting a stay.

### CONCLUSION

For the reasons set forth above, Defendants' motion for stay [74 ] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of March 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*