UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20472-CIV-COOKE/BANDSTRA

IVONNE E. GALDAMES, JACQUELINE
GALDAMES, and GUILLERMO OSORIO,
on their own behalf and others similarly situated,

       Plaintiff,

v.

N&D INVESTMENT CORP., a Florida corporation,
d/b/a Clean Commercial Laundry, and OFER MANOR,
individually,

       Defendant.
_____/

**<u>DEFENDANTS' MOTION FOR NEW TRIAL, WITH
INCORPORATED MEMORANDUM OF LAW</u>**

Defendants, N&D Investment Corp. and Ofer Manor ("Defendants"), through their

undersigned attorneys, hereby file Defendants' Motion for New Trial, with Incorporated

Memorandum of Law, pursuant to Federal Rule of Civil Procedure 59, and state:

**<u>BACKGROUND</u>**

This was a wage and hour case, brought pursuant to § 207 of the Fair Labor Standards Act

(FLSA), 29 U.S.C. § 201 *et seq.*, that went to trial in May, 2009, and the Plaintiffs recovered part of

the overtime that they sought against the Defendants.  The Court issued a Final Judgment on July

31, 2009, and the post-trial motions are due to be filed on or before August 14, 2009.

The Court should grant a new trial, because the jury's verdict is against the great weight of

the evidence, because:  1) the Court did not allow the Defendants to impeach the Plaintiffs with the

fact that they were illegal immigrant workers (which is a violation of federal law) and with the fact

that the Plaintiffs had committed tax fraud (they had failed to file returns, probably because they are

here and worked illegally); 2) the Court did not allow the Defendants to utilize a rebuttal witness (Rebecca Rodriguez) to rebut the Plaintiffs' testimony that they did not sleep on the job, that they did not go home hours before their shift ended, but recorded their time as if they worked their entire shift, took long lunches, but recorded their time as if they did not, and engaged in many other types of non-work but recorded their time as if they were actually working—the Plaintiffs were asked all of these questions during Defendants' cross-examination of them, and they denied all of the activities, and Rebecca Rodriguez was going to rebut this testimony, because she observed the Plaintiffs doing these things, which was wholesale fraud on the employer; and 3) if the Court does not grant JMOL in favor of Defendants as to the coverage issue and the management exemption concerning Plaintiff Osorio, the Defendants request that the Court grant a new trial and try those issues to a jury.

The Court should recall that this is the case where the Plaintiffs were in charge of keeping track of the hours that they worked, they kept two sets of books concerning those hours, they destroyed them after the litigation began, and Plaintiff Osorio brought a written notebook with him with notes to the witness stand from which he was reading his answers to the questions his attorney was asking him, which the Court put a stop to once defense counsel brought it to her attention. The fact that these things happened, demonstrate that the Court's failure to allow the Defendants to impeach the Plaintiffs and use the rebuttal witness prevented the Defendants from really demonstrating to the jury the level of deceit and dishonesty that the Plaintiffs engaged in. This fundamentally affected the Defendants' right to a fair trial.

<u>MEMORANDUM OF LAW</u>

## I.   THE LEGAL STANDARDS FOR GRANTING A MOTION FOR NEW TRIAL

Motions for new trial can be granted for a variety of reasons, as follows:

> **(a)  Grounds.**  A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . .

Fed. R. Civ. P. 59(a).  "The law is clear that a district court may grant [a motion for new trial] if the jury verdict is contrary to the great weight of the evidence." *Ard v. Southwest Forest Industries*, 849 F.2d 517, 520 (11th Cir. 1988).  "[W]hen considering a motion for new trial, the trial judge may weigh the evidence, but it is proper to grant the motion only if the verdict is against the great, not just the greater, weight of the evidence." *Id.*  "[W]here the verdict suggests that the jury was confused and misapplied the law, it is not an abuse of discretion to grant a new trial." *DeLong Equip. Co. v. Washington Mills Electro Mining Corp.*, 990 F.2d 1186, 1206-07 (11th Cir.), *opinion amended*, 997 F.2d 1340 (11th Cir.), *cert. denied*, 510 U.S. 1012 (1993).

### A.   <u>The Court Disallowed Defendants the Right to Impeach Plaintiffs</u>

In this case, the Court did not allow the Defendants to impeach the Plaintiffs with the fact that they were illegal immigrant workers (which is a violation of federal law) and with the fact that the Plaintiffs had committed tax fraud (they had failed to file returns, probably because they are here and worked illegally).  The Court should recall that this is the case where the Plaintiffs were in charge of keeping track of the hours that they worked, they kept two sets of books concerning those hours, they destroyed them after the litigation began, and Plaintiff Osorio brought a written notebook with him with notes to the witness stand from which he was reading his answers to the questions his attorney was asking him, which the Court put a stop to once defense counsel brought

it to her attention.  The fact that these things happened, demonstrate that the Court's failure to allow the Defendants to impeach the Plaintiffs and use the rebuttal witness prevented the Defendants from really demonstrating to the jury the level of deceit and dishonesty that the Plaintiffs engaged in. This fundamentally affected the Defendants' right to a fair trial.

The Federal Rules of Evidence provide for three forms of impeachment evidence: 1) impeachment by bad character for truthfulness or by prior bad acts (Rule 608), 2) impeachment by conviction of a qualifying crime (Rule 609), and 3) impeachment by prior inconsistent statement (Rule 613).   Additionally, Rule 611(b) provides that, in pertinent part, "[c]ross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness."

Moreover, in the instant case, the evidence of violations of the immigration laws and the tax laws should have been admitted pursuant to the above rules and also under Federal Rule of Evidence 404(b) because these illegal activities show Plaintiffs' *intent* to defraud the federal government, further evincing their lack of credibility as witnesses, which is extremely important in a FLSA case where there is a significant dispute concerning hours worked (to show their intent and motive).  Under Florida law, tax returns are clearly admissible to impeach a witness's credibility. *Amer. Auto. Assoc. v. Tehrani*, 508 So. 2d 365, 369-70 (Fla. 1st DCA 1987); *Collins v. Farley*, 147 So. 2d 593, 594-95 (Fla. 3d DCA 1962).

In *United States v. Gellman*, 677 F.2d 65 (11th Cir. 1982), a defense witness (the defendant's former lawyer) was on the witness stand to discuss how disorganized the defendant's personnel affairs were, and he was impeached under Rule 609 by the government, on the ground that he had failed to file income tax returns (constituting income tax fraud).  The defendant appealed on the ground that the admission of this impeachment evidence was improper, but the Eleventh Circuit

affirmed.  The *Gellman* case requires that the Defendants should have been able to impeach the Plaintiffs with the evidence of illegality.

In more general terms, the Eleventh Circuit has held that acts "probative of untruthfulness under Rule 608(b) includes such acts as . . . fraud."  *Ad-Vantage Tel. Directory Consultant, Inc. v. GTE Directors Corp.*, 37 F.3d 1460, 1464 (11th Cir. 1994).  In fact, courts have specifically held that defrauding and giving false statements to the government epitomizes the type of prior misconduct that may be used to impeach a witnesses' credibility pursuant to Rule 608(b).  *United States v. Cox*, 536 F.2d 65, 72 (5th Cir. 1976)[1] and *United States v. Reid*, 634 F.2d 469, 473 (9th Cir. 1980).  Thus, the type of misconduct engaged in by Plaintiffs, namely income tax and immigration fraud, are the types of misconduct contemplated by Rule 608(b) to be used as impeachment.  *United States v. Calle*, 822 F.2d 1016, 1020 (11th Cir. 1987).

Other circuits allow impeachment evidence of this sort to be introduced.  *Chnapkova v. Koh*, 985 F.2d 79 (2d Cir. 1993) (holding that it was reversible error for the district court to refuse to allow a plaintiff in a civil case to be impeached by her failure to pay tax returns).  The Second Circuit, which decided *Chnapkova*, has more recently reaffirmed the notion that such evidence can be admissible, and specifically held that a district court acts within its discretion when deciding on the admissibility of tax returns as a means of impeaching a witness's credibility.  *Tesser v. Bd. of Ed. Of City School Dist. of City of New York*, 370 F.3d 314, 318 (2d Cir. 2004).   Further, the other Circuit Courts of Appeal are also in accord with the Eleventh Circuit's views as to the admissibility of tax returns described above. *See*, *e.g.*, *O'Connor v. Venore Trans. Co.*, 353 F.2d 324, 326 (1st Cir. 1965) (finding that where the issue of a testifier's credibility is crucial, admission of tax returns is within the trial court's discretion); *Commodity Futures Trading Comm'n v. Collins*, 997 F.2d

1230, 1233 (7th Cir. 1993).   This conclusion follows from the language of the Federal Rules of Evidence. "Pursuant to the provisions of Federal Rule of Evidence 608(b), cross-examination may delve into specific instances of conduct of the witness if probative and if that conduct concerns 'the witness' character for truthfulness or untruthfulness.'"   *Hunter v. General Motors Corp.*, 2005 WL 2033323 at \*3 (6th Cir. 2005).

### B. The Court Disallowed Defendants from Using a Rebuttal/Impeachment Witness

The next issue is the failure of the Court to allow the Defendants to utilize a rebuttal witness (Rebecca Rodriguez) to rebut the Plaintiffs' testimony that they did not sleep on the job, that they did not go home hours before their shift ended, but recorded their time as if they worked their entire shift, took long lunches, but recorded their time as if they did not, and engaged in many other types of non-work (similar to the above instances) but recorded their time as if they were actually working—the Plaintiffs were asked all of these questions during Defendants' cross-examination of them, and they denied all of the activity, and Rebecca Rodriguez was going to rebut this testimony, because she observed the Plaintiffs doing these things, which was wholesale fraud on the employer. For the same reasons as set forth supra, in § II.A., this evidence should have been allowed.  While the Court seemed to believe that the Defendants should have given notice that they intended to call Ms. Rodriguez, the fact is that the parties do not have to give prior notice of the exact identity of impeachment and rebuttal witnesses.  The Defendants did not know that the Plaintiffs would deny shirking work and overstating their time on their time sheets (which they destroyed) until the questions were asked of the Plaintiffs during the trial.  Bringing a rebuttal/impeachment witness in to counter that testimony is classic impeachment/rebuttal and appropriate in our courts.  *United States v. Calle*, 822 F.2d 1016 (11th Cir. 1987) (holding that it was reversible error not to allow rebuttal

---

[1] All Fifth Circuit decisions decided before October 1, 1981 are binding on the Eleventh Circuit.  *Bonner v.*

testimony, when that testimony did not merely consist of general impeachment evidence, but rather contradicted the material testimony of a another witness's prior testimony in the case).  The courts have specifically upheld the admission of testimony from a witness, who was not disclosed pretrial (either in discovery or on the pretrial order), for use in the case in chief although the witness's testimony was solely used to rebut the testimony from another witness.  *Berroyer v. Hertz*, 672 F.2d 334 (3d Cir. 1982) (holding that there was no abuse of discretion when the district court allowed the plaintiff to elicit an unnamed witness to rebut factual testimony that was already in evidence, during the plaintiff's case in chief). There did not need to be an announcement made to the Plaintiffs along the lines of that they had better testify truthfully or witnesses will come in to impeach or rebut your testimony.

Other cases are instructive on this issue as well.  *Murphy v. Magnolia Elec. Power Ass'n*, 639 F.2d 232 (5th Cir. 1981).[2]   In *Murphy*, the plaintiffs attempted to admit testimony from a previously undisclosed expert witness, whose testimony pertained to a technical issue.  The district court excluded the testimony because the witness had not been disclosed until trial.  The defendant then put on evidence in its case in chief as to the same technical issue that the plaintiffs' witness was going to testify about.  Thereafter, in rebuttal, the plaintiffs sought to call its witness to testify solely for rebuttal purposes, to rebut the defendant's witness on the technical issue, but the district court again refused to allow the witness to testify.  The former Fifth Circuit reversed and held as follows:

> it was reversible error on the facts of this case to refuse to allow [plaintiffs'] expert to testify as a rebuttal witness.  No prejudice to [defendant] would have resulted from allowing him to testify in response to the evidence of [defendant's] own witness.  On the other hand, exclusion of this testimony struck at the heart of [plaintiffs'] case.  In view of the absence of prejudice and the essential nature of the evidence involved, the trial judge abused his discretion in prohibiting the rebuttal testimony.

*Id.* at 235.

---

*City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

In this case, likewise, the excluded rebuttal testimony struck at the heart of Defendants' case, because the Plaintiffs, who destroyed evidence of their hours testified that they did not sleep on the job, did not leave early but submit on their time sheets that they actually worked their full shift when they did not, and so forth.  In an FLSA case, where the amount the Plaintiffs worked is critical, and where credibility was crucial as in this case, it was reversible error for the Court to exclude the impeachment/rebuttal testimony.  Counsel for the Defendants could not have known the Plaintiffs would deny the truthfulness of their shirking work until they were asked during the trial.  Thus, there was no need to previously disclose Ms. Rodriguez.

It is unclear how rebuttal testimony would be unfairly prejudicial to the Plaintiffs, since the Plaintiffs opened the door on this issue, once they denied shirking work and overexaggerating their hours on their time sheets, which requires a new trial.  *Wood v. Morbark Indus.*, 70 F.3d 1201, 1208 (11th Cir. 1995) (ordering a new trial where the defendant "opened the door to impeachment").  Defendants should have been allowed to impeach Plaintiffs with Rodriguez's testimony, *id.*, to rebut Plaintiffs' testimony, *Murphy*, 639 F.2d at 232, and to show intent under Rule of Evidence 404(b).

In *United States v. Calle*, 822 F.2d 1016 (11th Cir. 1987), a witness testified for the prosecution that he was a small-time drug user who merely bought and sold small quantities of drugs for personal use.  In fact, there was evidence that the witness (Garcia) was a major drug trafficker, having led a high-society type lifestyle.  This issue was crucial to the case, because the main issue was whether the cocaine in question belonged to Calle or to Garcia.  The appellate court reversed the district court's exclusion of the rebuttal evidence which would have impugned the credibility of Garcia, stating that "such evidence should be admitted, however, where it is introduced to disprove a specific fact material to the defendant's case."  *Id.* at 1021.  The import of this testimony was that it showed that Garcia had a

---

[2] Because *Murphy* was decided before the close of business on September 30, 1981, it is binding authority on this Court.

motivation to lie, as it "raised the possibility that Garcia lied about his prior drug activities in order to protect himself from further prosecution and shift the major part of the blame in this case from himself to Calle." *Id.* The testimony in the instant case pertained to a similar issue, whether Plaintiffs worked overtime and, if so, by how much. It also made Mr. Manor look like he had no basis for his testimony that he did not think that the Plaintiffs worked any overtime, because he spoke to Ms. Rodriguez in the recent past and learned that the Plaintiffs were greatly overstating their hours, and were regularly shirking work. Ms. Rodriguez could have come in and exposed the Plaintiffs as overstating their hours, which would have placed in context the Plaintiffs' destruction of their time records. This testimony could very well have caused the jury to find for the Defendants; thus, a new trial is warranted.

### C.   The Court Disallowed Defendants from Using a Rebuttal/Impeachment Witness

If the Court denies the Defendants' Motion for JMOL which is filed contemporaneously herewith, the Defendants request that the Court at least hold a new trial on the coverage issue, and bring that issue to a jury. The Defendants, in order to conserve judicial resources are not going to restate the arguments made in their Rule 50(b) Motion, but rather reincorporate those arguments herein as if fully set forth. In sum, the Defendants argued that they are entitled to JMOL as to enterprise coverage. If the Court does not agree, at a minimum, the Defendants request that the Court grant this Motion for New Trial, and hold a new trial, if not because of the other reasons herein, on the ground that the coverage issue should be tried to a jury.

### D.   The Plaintiffs' Destruction of Time Records Requires a New Trial

It is quite rare that Plaintiffs would keep two sets of time records, but destroy both of them. Because the hours that the Plaintiffs worked are in dispute, and because the Plaintiffs, who had

---

*Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

possession of not one but two sets of time records, destroyed those records, the Court should hold that the greater weight of the evidence was in favor of the Defendants, and should grant a new trial.

## CONCLUSION

For the foregoing reasons, the Defendants should be granted a new trial.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 14, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record (Reynaldo, Velazquez, Esq., Velazquez Law Firm, 100 Almira Avenue, Suite 340, Coral Gables, Florida 33134 and Eddy O. Marban, Esq.) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

Glasser, Boreth & Kleppin
Attorneys for Plaintiff
8751 W. Broward Blvd.
Suite 105
Plantation, FL 33324
Tel.  (954) 424-1933
Fax  (954) 474-7405
E-mail:  Glabor@aol.com


By___s/Chris Kleppin_____
    Chris Kleppin
    Fla. Bar No. 625485

C:/MyDocuments/N&DInvestments/DefMforNewTrial08/14/09