# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO.  08-20472-CIV-COOKE/BANDSTRA

IVONNE E. GALDAMES, *et al.*,

     *Plaintiffs*,

v.

N & D INVESTMENT CORP., *et al.*,

     *Defendants.*

_____/

## OMNIBUS ORDER DENYING DEFENDANTS' POST-TRIAL MOTIONS

THIS MATTER is before me on the Defendants' Motion to Stay [D.E. 116], post-trial

Motion for Judgment as a Matter of Law [D.E. 118], Motion for a New Trial [D.E. 119], and

Motion for Remittitur [D.E. 120].  Since the Defendants' underlying arguments in support of the

four motions are related, I will address the motions together.  The Parties have fully briefed the

issues, and I have reviewed the arguments, the record, and the relevant legal authorities.  For the

reasons explained below, all four of the Defendants' motions are denied.

## BACKGROUND

Plaintiffs, Ivonne Galdames, Jacqueline Galdames, and Guillermo Osorio brought this

action against Defendants, N & D Investment Corp. and Ofer Manor, under the Fair Labor

Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), for unpaid overtime compensation and

associated liquidated damages.

In September 2008, I granted partial summary judgment in favor of the Plaintiffs, ruling

that enterprise coverage existed in this case because N & D constituted "an enterprise engaged in

commerce or in the production of goods for commerce" and that Plaintiffs' immigration status did

not preclude them from recovering under the FLSA.  (Order on Cross Mots. for Summ. J. [D.E. 62].)  I subsequently denied the Defendants' Motion for Reconsideration of the enterprise coverage issue.  (Order Denying Mot. for Reconsideration [D.E. 73].)  I also denied the Defendants' pre-trial Motion to Stay on similar grounds.  (Order Denying Mot. to Stay [D.E. 80].)  After a three-day trial, the jury returned a verdict in favor of the Plaintiffs and awarded $3,088.78 to Ivonne Galdames, $6,010.17 to Jacqueline Galdames, and $5,003.25 to Guillermo Osorio.  The Defendants now seek to stay execution of the judgment pending a ruling on the issue of enterprise coverage from the Eleventh Circuit Court of Appeals in the matter of *Lamonica v. Safe Hurricane Shutters, Inc.*, No. 08-15963.  The Defendants also seek judgment as a matter of law, a new trial, or alternatively, remittitur of the jury verdict.  The Plaintiffs oppose these motions.

## I.  MOTION FOR STAY

**A. Legal Standard**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  This motion is effectively a motion to stay enforcement of judgment pending appeal, despite the fact that this case is not pending appeal.  In any event, "[s]uch motions are disfavored and granted only in exceptional circumstances."  *F.T.C. v. Jordan Ashley, Inc.,* No. 93-2257, 1994 WL 485793, at *1 (S.D. Fla. July 29, 1994) (citation omitted).  To obtain a stay, the movant must demonstrate that: (1) it is likely to prevail on the merits of the appeal; (2) it will suffer irreparable injury absent a stay; (3) the non-movant will suffer no substantial injury from issuance of the stay; and (4) issuance of the stay will serve the public interest.  *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453

(11th Cir. 1986) (citation omitted); *see also Dunn v. Air Line Pilots Ass'n,* 836 F. Supp. 1574, 1584 (S.D. Fla. 1993) ("A stay of proceedings is generally in the court's discretion. It is based on a balancing test in which the movant bears the burden of showing either 'a clear case of hardship or inequity' if the case proceeds, or little possibility the stay will harm others.") (citing *Landis*, 299 U.S. at 254-55).

**B. Analysis**

The Defendants contend that a ruling by the Eleventh Circuit in the *Lamonica* matter will bolster the legal arguments in their post-trial motions.  The Defendants, however, have failed to show that, even with a favorable ruling by the appellate court, they are likely to prevail on the merits.  As I stated when denying the Defendants' first Motion to Stay [D.E. 80], the cases currently consolidated on appeal are distinguishable on their facts from the present case.  As noted by the Plaintiffs, competing legal interpretations of enterprise coverage would likely yield the same conclusion when applied to the facts of this case.  Thus, even if the Eleventh Circuit were to adopt the Defendants' preferred enterprise coverage analysis, the Defendants may still be liable under the FLSA as an "enterprise engaged in commerce."  As in the their previous Motion for Stay [D.E. 74], the Defendants again fail to show an irreparable injury they would suffer if a stay is not imposed, or that a stay would not substantially harm the Plaintiffs.  Defendants' Motion for Stay is denied.

## II.  MOTION FOR JUDGMENT AS A MATTER OF LAW

**A. Legal Standard**

Judgment as a matter of law is proper where "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that

issue." Fed. R. Civ. P. 50(a);[1] *Beckwith v. Daytona Beach Shores, Fla.*, 58 F.3d 1554, 1560 (11th Cir. 1995) (citations omitted).  When considering such a motion, a court does not exercise discretion but rather "evaluat[es] all the evidence, together with any logical inferences, in the light most favorable to the non-moving party." *Beckwith*, 58 F.3d at 1560;  *Marsh v. Ill. Cent. R.R. Co.*, 175 F.2d 498, 500 (5th Cir. 1949).[2]

## B. Analysis

The Defendants request judgment as a matter of law on four separate bases: (1) that no reasonable jury could find the Defendants were engaged in commerce for the purposes of determining enterprise coverage under the FLSA, (2) that judgment as a matter of law should be granted, at least with respect to the year 2005, (3) that the illegal immigration status of Plaintiffs Jacqueline Galdames and Guillermo Osorio preclude them from recovery under FLSA, and finally, (4) that Plaintiff Guillermo Osorio's manager status renders him ineligible for overtime pay.  The Defendants' Motion for Judgment as a Matter of Law must be denied because the trial in this case was limited to the issue of damages; none of these issues were presented to the jury.  Additionally, I have already ruled on each of these issues.

First, I determined that the Defendant was an "enterprise engaged in commerce" when granting partial summary judgment in favor of the Plaintiffs [D.E. 62].  I affirmed that decision when denying the Defendants' Motion for Reconsideration [D.E. 73], and reaffirmed it when

---

[1]  "Since a motion for a judgment notwithstanding the verdict in effect renews an earlier motion for a directed verdict, the applicable judicial standard is the same for both motions." *United States v. Simmons*, 346 F.2d 213, 215 (5th Cir. 1965).

[2]  The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

denying Defendants' Rule 50(a) Motion for Judgment as a Matter of Law at the close of evidence. I will again explain my analysis, so that it is clear.

Contrary to the Defendants assertions, I did not adopt the expansive view that virtually any enterprise meeting the statutory annual gross sales requirement is subject to the FLSA.  My order on summary judgment in this case [D.E. 62] made reference the courts which have reached this conclusion simply to demonstrate that the addition of the words "or materials" in the statutory definition of an "enterprise engaged in commerce or in the production of goods for commerce," broadened the scope of enterprise coverage under the FLSA.  *See* 29 U.S.C. § 203(s).  Even under the broad definition, however, I agree with the decisions which have held that ordinary purchases of gasoline for vehicles, use of credit cards, and use of the telephone for business purposes are *insufficient* to constitute engaging in commerce or to trigger enterprise coverage under the FLSA. It is not sufficient for "materials" merely to have moved in interstate commerce in any respect, rather, a defendant must have played some *role* in the materials moving through interstate commerce.

In this case, I held that the Defendants' triggered enterprise coverage because they failed to refute documentary evidence showing they had purchased materials and supplies that were *ordered from* and *shipped from* out-of-state.[3]  I declined to apply *Navarro v. Broney Auto Repairs, Inc.*, 533 F. Supp. 2d 1223 (S.D. Fla. 2008), to this case because, among other reasons, the defendants

---

[3]  Defendants contend that I should take their claim to the contrary as fact under the requisite standard of review for summary judgment motions, despite the fact that they never introduced any evidence to refute invoices which show the vendor's address in New Jersey and list Defendants' place of business as the shipping address.  The summary judgment standard of review requires that I infer facts in the light most favorable to the non-moving party, not that I take Defendants' categorical denial of Plaintiffs' documentary evidence as fact.

there, unlike the Defendants in this case, purchased the materials in question from a local dealer who had received the materials from out-of-state shippers.

Second, the Defendants specifically admitted in their Answer [D.E. 6], and stipulated in their Motion for Summary Judgment [D.E. 17], that they did, in fact, gross over $500,000 for all relevant years.  "The general rule is that a party is bound by the admissions in his pleadings." *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1177-78 (11th Cir. 2009).[4]  Here, the Defendants' subsequent dispute of gross revenue and submission of a 2005 tax return to negate their admission and does not amount to a request for leave to amend their answer.  Accordingly, the Defendant's status, as an enterprise engaged in commerce grossing over $500,000 for all relevant years, was properly decided as a matter of law prior to the trial on damages.  Ofer Manor's trial testimony to the contrary does not supercede the Defendants' admission, particularly because the Defendants' enterprise coverage was not an issue submitted to the jury.

Third, the Plaintiffs' immigration status was not an issue before the jury because it does not impact their eligibility for relief under the FLSA.  Despite my unequivocal admonition, Defendants again insist that *Hoffman Plastic Compounds, Inc. v. N.L.R.B.*, 535 U.S. 137 (2002), which stands for the proposition that undocumented aliens are not entitled to backpay under the National Labor Relations Act, should be extended to the FLSA context.  The Defendants' misreading of the law, and misconstruing of my statements regarding this issue are disconcerting.

---

[4]  Exceptions to the general rule are "to permit the exercise of the liberal pleading and joinder provisions of the Federal Rules of Civil Procedure lest inconsistent pleadings under Rule 8(e)(2) be used as admissions negating each other and lest the allegations in third party complaints and cross-claims seeking recovery over in the event of liability in the principal action be used as admissions establishing liability."  *Cooper*, 575 F.3d 1151, 1178 n.17.  As neither inconsistent pleadings nor joinder issues exist in this case, the Defendants' admission in their answer are binding.

As I discussed in detail when granting partial summary judgment in favor of the Plaintiffs [D.E. 62], *Hoffman* repeatedly referred to the undocumented alien in that case as an "employee" and cannot be read to overrule *Patel v. Quality Inn South*, 846 F.2d 700 (11th Cir. 1988), which held that undocumented workers are "employees" within the meaning of the FLSA and thus entitled to relief under the act.

Finally, the issue of whether Plaintiff Osorio was a manager at N & D, rendering him exempt from the overtime compensation requirement of the FLSA, was decided at the close of the Plaintiffs' case when I denied the Defendants' Rule 50(a) motion.  I found that, as a matter of law, the jury had insufficient evidence to find that Mr. Osorio was a manager.  The evidence at trial showed that the vast majority of Osorio's time was spent on laborer duties and that he performed the bulk of his work alongside the other employees.  To the extent that he performed incidental managerial functions, he was, at best, a group leader of sorts and did not possess independent authority for which he could be classified as a manager.  Based on the testimony, no reasonable jury could have found otherwise.  Accordingly, the Defendants' Motion for Judgment as a Matter of Law is denied.

### III.  MOTION FOR NEW TRIAL

**A. Legal Standard**

After a jury trial, and as an alternative to entering judgment as a matter of law, a court in its discretion "may grant a new trial on all or some of the issues . . . for any reason for which a new trial has been granted in an action at law in federal court."  Fed. R. Civ. P. 59; *Montgomery v. Noga*, 168 F.3d 1282, 1295 (11th Cir.1999)  Reasons include a verdict that is against the weight of the evidence, damages that are excessive, or substantial errors in the admission or rejection of

evidence or instructions to the jury. *See Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). Determination of whether to grant a new trial is committed to the discretion of the trial court. *Montgomery v. Noga*, 168 F.3d at 1295.

**B. Analysis**

The Defendants request a new trial, arguing that I did not allow them to impeach the Plaintiffs with their immigration status and alleged failure to file federal tax returns, and further that I did not allow them call Rebecca Rodriguez as a rebuttal witness during trial. Additionally, Defendants argue that the enterprise coverage issue and management exceptions should be submitted to a jury.

Whether evidence should be excluded "is a question of legal relevance, a matter on which the trial judge has wide discretion." *Wright v. Hartford Accident & Indem. Co.*, 580 F.2d 809, 810 (5th Cir. 1978). For reasons already articulated, the Plaintiffs' immigration status was properly excluded evidence in this case. Even persons who are in the United States illegally, are allowed to recover under the FLSA. *See Patel*, 846 F.2d at 705-06. Evidence of the Plaintiffs' immigration status is not relevant to the jury's determination of the Plaintiffs' entitlement to overtime compensation, and while such evidence might speak to the Plaintiffs' credibility, the dangers of unfair prejudice, confusion of the issues, and misleading of the jury are too great. Similarly, evidence of the Plaintiffs' alleged failure to file federal tax returns – to challenge the Plaintiffs' credibility – would give rise to collateral disputes about whether the Defendants knowingly hired undocumented aliens as employees in contravention of federal law, and whether the Defendant deducted the proper amount of payroll taxes from its tax returns. For these reasons, the Defendants' request for a new trial on these issues is denied.

The Defendants also argue, a new trial is warranted based on my decision to not allow the Defendants' rebuttal witness, Rebecca Rodriguez, to testify at trial.  Ms. Rodriguez was not listed as a potential witness prior to trial.  The Defendants first disclosed Ms. Rodriguez when they called her to the stand on the final day of trial.  The Defendants contend Ms. Rodriguez's testimony would have shown that the Plaintiffs misrepresented the time they actually worked by (1) failing to indicate when they left work early, and (2) failing to deduct from their reported hours, time they spent sleeping on the job, taking excessive lunch breaks and engaging in other types of "non-work."  The Defendants argue that Ms. Rodriguez's testimony was necessary to rebut the Plaintiffs' denial of those activities on cross examination.

In determining whether exclusion of testimony of a late-disclosed witness was abuse of discretion, courts typically consider: (1) the explanation for failure to disclose the witness earlier; (2) the importance of the witness' testimony; and (3) the prejudice to opposing party if the witness had been allowed to testify.  *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1308 (11th Cir. 2008).  "[T]he first and third factors, together, can outweigh the second."  *Id.*

The Defendants' explanation for not disclosing the witness sooner was that they did not anticipate the Plaintiffs would deny misrepresenting their hours.  It is inconceivable that the Defendants did not anticipate such testimony when this entire case was about the legitimacy of the Plaintiffs claim for overtime compensation.  While Ms. Rodriguez's testimony may have been important to the Defendants' theory, there was no excuse for not disclosing her name sooner.  The Defendants cannot claim they did not know about the witness, since defense counsel mentioned Ms. Rodriguez by name several times in opening statements and asked specific questions about Ms. Rodriguez during the cross examinations of the Plaintiffs.  Even if I accept the Defendants'

claim that they were surprised by the Plaintiffs' testimony, they could have disclosed Ms. Rodriguez before the one day recess to give the Plaintiffs an opportunity to depose her. Since Ms. Rodriguez's testimony strikes at the heart of this case, it was crucial for Plaintiffs to have been able to depose her. Accordingly, it was proper to refuse to permit this witness to testify, and a new trial is not warranted.

Finally, I decline to grant a new trial on the issues of enterprise coverage or management exemption because, as explained in Section II, both have been decided on valid legal bases and are not properly submitted to a jury.

## IV. MOTION FOR REMITTITUR

### A. Legal Standard

An order for remittitur may be appropriate "where the jury's damage award exceeds the amount established by the evidence." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1266 (11th Cir. 2008) (citations omitted). "In determining the amount of a remittitur, [a court is] guided by the 'maximum recovery rule' . . . which permits reduction of the verdict only to the maximum amount the jury could properly have awarded." *Carlton v. H.C. Price Co.*, 640 F.2d 573, 582 n.14 (5th Cir. Mar. 1981).

### B. Analysis

The Defendants argue that the jury's award should be reduced by the amount of overtime the Plaintiffs earned in 2005 since N & D grossed less than $500,000 in 2005 and was thus not liable under the FLSA for that year. After the Defendants' initial admission and stipulation that it grossed over $500,000 for the relevant years, including 2005, and following my ruling that N & D was an enterprise engaged in commerce under the FLSA, the jury's sole points of deliberation

were whether the Plaintiffs were entitled to overtime pay for the relevant years and, if so, how much. The evidence established the number of overtime hours each Plaintiff worked during 2005 through 2007 and the jury awarded damages accordingly. As the jury's damage award matches the amount established by the evidence, an order for remittitur in this case would be improper.

<u>**CONCLUSION**</u>

For the reasons explained in this Order, and in my previous orders in this case, it is

**ORDERED and ADJUDGED** that:

1. Defendant's Motion for Stay [D.E. 116] is **DENIED.**

2. Defendant's Motion for Judgment as a Matter of Law [D.E. 118] is **DENIED.**

3. Defendant's Motion for a New Trial [D.E. 119] is **DENIED.**

4. Defendant's Motion for Remittitur [D.E. 120] is **DENIED.**

**DONE and ORDERED** in chambers, at Miami, Florida, this 29th day of March 2010.

_Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of record*